# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 20, 2011

Lyle W. Cayce
Clerk

No. 10-50415
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSUE HERNANDEZ-CHAPARRO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-3021-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Josue Hernandez-Chaparro appeals his sentence following his guilty plea conviction for illegal reentry into the United States in violation of 8 U.S.C. § 1326.  Hernandez-Chaparro was sentenced within his advisory guidelines range to 57 months of imprisonment and three years of supervised release.  He contends that his sentence is not entitled to a presumption of reasonableness because U.S.S.G. § 2L1.2, the guideline applicable to violations of § 1326, is not empirically based and double counts a defendant's criminal history.  As

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

acknowledged by Hernandez-Chaparro, this argument is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).

Hernandez-Chaparro also contends that his sentence should be vacated as substantively unreasonable because it was based in part on § 2L1.2 and was greater than necessary to meet the requirements of 18 U.S.C. § 3553(a). Regarding § 3553(a), Hernandez-Chaparro contends that his sentence overstated the seriousness of his illegal reentry offense and failed to properly reflect his personal history and characteristics. The substantive reasonableness of Hernandez-Chaparro's sentence is reviewed for plain error because he did not object on that ground in the district court. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010) (citing *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007)). Hernandez-Chaparro's appellate arguments fail to establish any error in his sentence, plain or otherwise. *See Duarte*, 569 F.3d at 529-31; *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

AFFIRMED.